WILLIAM McSHANE, appellant,

*v.*

MARTHA A. McSHANE, respondent.

A divorce for desertion will not be granted upon the unsupported testimony of the petitioner as to his residence in this State, and as to the causes of the alleged desertion.

------

On appeal from a decree advised by *S. M. Dickinson, Esq.,* advisory master, who filed the following conclusions:

McShane *v.* McShane.

The petition in this case is filed by the husband for divorce from his wife on the ground of desertion.

The only clause of the statute under which the petition can be maintained, is that giving chancery jurisdiction where the complainant or defendant shall be a resident of this state at the time of filing the bill of complaint, and the complainant or defendant shall have been a resident of this state for the term of three years, during which such desertion shall have continued. *Rev. p. 315 § 3.* This jurisdictional fact of residence must be duly proved, like any other fact in the case.

The petitioner's evidence cannot be relied upon exclusively as to the fact of residence. A divorce is never decreed upon the unsupported testimony of the complainant.

The only other witnesses to this essential fact are Annie Graham, Hughes and J. J. Peters. The first speaks positively to a period reaching back to about July 1st, 1887.

The other witness, Peters, is the proprietor of the Monarch Hotel, where the petitioner claims he resided for a number of years prior to his moving to 201 Pavonia avenue. This witness has been such proprietor since September, 1884, more than three years prior to the filing of the petition in this case. This witness, apparently, is not able to testify to the petitioner's continued residence at the hotel during all the time he has been proprietor. He continued the hotel register he found there. This petitioner registered there in October, 1883, and again in May, 1884. Witness took charge in September, 1884, and says, that since that time petitioner has been at the hotel, "off and on," up to about May or June, 1887. He would be there sometimes two weeks at a time, and then be away for a time. He came there several times during the year.

This is the whole of his testimony. Does this constitute "residence" within the statutory meaning of the word? The residence required by the statute concerning divorces, to give the court jurisdiction, means fixed domicile, or permanent home. *Coddington* v. *Coddington, 5 C. E. Gr. 263.* And that it shall have been continuous. *Sanders* v. *Sanders, 2 Stew. Eq. 410.*

McShane *v.* McShane.

In this case a divorce was refused, although the defendant had been actually served with notice of the suit.

The witness Peters should be able to testify with certainty on the question of the petitioner's residence, but the meagre facts given by him fall far short of establishing this essential fact of the case.

The witness Hughes, although he has been intimately acquainted with the petitioner for six or seven years, cannot testify upon personal knowledge as to his residence.

The petitioner in this case was married in the State of Illinois, and lived there and in New York city until 1877.

His business is now, and has been for a long time, carried on in New York. He has a furnished room at his store, where he spends the night occasionally. That he has been at the Monarch Hotel "off and on" for several years, and came there several times during the year, does not, of itself, constitute a legal residence. And it further appears that he has changed his residence between the time of his first and last examination.

Furthermore, there is no sufficient legal proof of the causes of the desertion. A divorce is never granted in this state upon the unsupported testimony of the petitioner as to the causes of the desertion. The decisions on this point are very numerous, and the law on the point is too well established for argument. The parties have been separated for more than ten years. From petitioner's own account of the separation, it might be presumed that it was by mutual agreement, owing to domestic infelicities. The parties corresponded for several years, and he furnished her with money from time to time. In one place in his testimony he says, that he never wrote her more than three or four letters; again, he says, in many of his letters he asked her to return to him; and again, he says, in another place, that he never asked her to return.

In his affidavit for an order of publication he states that he had heard from his wife about a year previously. In his testimony he says, that he had not heard from her for more than three years. The testimony establishes the fact that the notice of the suit was mailed to the defendant, upon information ob-

tained of her residence in Florida more than three years before the bringing of the suit; and that, although defendant has a sister residing in Chicago, the petitioner has never communicated with her to ascertain his wife's residence, although he knew that for 'some period after the separation the defendant resided there with her sister.

The petitioner has destroyed the letters written to him by his wife, which, in the absence of other proof, might be of service to him in this suit, and, under the circumstances of the case, I am constrained to advise that he has produced no sufficient legal evidence of his right to relief as prayed.

*Mr. James Chapman* and *Mr. J. D. Manning,* for the appellant.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the advisory master.